Chen v. Holder

BIA
A073 560 815

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of August, two thousand twelve.

PRESENT:
> JOSÉ A. CABRANES,
> GERARD E. LYNCH,
> CHRISTOPHER F. DRONEY,
> > *Circuit Judges.*

_____

MEI ER CHEN,

> *Petitioner,*

> v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

11-1527-ag
NAC

_____

FOR PETITIONER:       Thomas D. Barra, New York, New York.

FOR RESPONDENT:       Tony West, Assistant Attorney General; Carl H. McIntyre, Jr.,

**Assistant Director; Dawn S. Conrad, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Mei Er Chen, a native and citizen of the People's Republic of China, seeks review of a March 24, 2011, order of the BIA denying her motion to reopen. *In re Mei Er Chen*, No. A073 560 815 (B.I.A. March 24, 2011). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the BIA's denial of Chen's motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Because Chen filed her second motion to reopen in 2011, more than 90 days after the final administrative decision, 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2), she was required to demonstrate "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii). Chen does not dispute that her motion was time- and number-barred, but

argues that she demonstrated a material change in country conditions sufficient to excuse her motion based on her newly commenced practice of Falun Gong and deteriorating conditions for Falun Gong practitioners in China.

As a preliminary matter, Chen did not assert that she feared harm on account of her practice of Christianity before the BIA and we will thus decline to consider any related arguments in the first instance. *See* 8 U.S.C. § 1252(d)(1); *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004); *see also Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007).

The BIA did not abuse its discretion in denying Chen's 2010 motion based on her failure to demonstrate changed country conditions. The BIA reasonably found that Chen's Falun Gong practice, which postdated by roughly 15 years the agency's final order of deportation, constituted a change in personal circumstances. *See Yuen Jin v. Mukasey*, 538 F.3d 142, 155 (2d Cir. 2008)(noting that aliens who have been ordered removed may not "change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application."); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74

3

(2d Cir. 2006) (making clear that the time and numerical limitations on motions to reopen may not be suspended because of a "self-induced change in personal circumstances" that is "entirely of [the applicant's] own making after being ordered to leave the United States").

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk